People v Molyneaux (2026 NY Slip Op 00911)

People v Molyneaux

2026 NY Slip Op 00911

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2018-01072
 (Ind. No. 526/14)

[*1]The People of the State of New York, respondent,
vJennifer Molyneaux, appellant. 

Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas DeRosa, J.), rendered May 17, 2017, convicting her of murder in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of her right to appeal was invalid. The County Court's terse oral colloquy mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal by stating only that it was "a waiver of your right to appeal your sentence as well as your conviction" (see People v Thomas, 34 NY3d 545; People v Muhammad, 231 AD3d 868, 869). In addition, the written appeal waiver did not contain clarifying language that appellate review remained available for certain issues (see People v Shanks, 37 NY3d 244, 253). Accordingly, the purported waiver of the right to appeal does not preclude appellate review of the defendant's excessive sentence claim (see People v Lawrence, 227 AD3d 829, 829; People v Richards, 224 AD3d 782, 783).
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court